# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0330, <u>Town of Hampton v. Thomas L. Morgenstern</u>, the court on February 19, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Thomas Morgenstern, appeals an order of the Superior Court (<u>McHugh</u>, J.) in favor of the plaintiff, the Town of Hampton (town). He argues that the trial court erred by: (1) imposing a civil penalty of $550 per day when he contends that the town issued only one notice of violation, <u>see</u> RSA 676:17, I (Supp. 2014); and (2) failing to find that the town's claims were barred by equitable estoppel and laches.

The appellant has the burden to provide this court with a record sufficient to demonstrate that the issues on appeal have been raised before the trial court. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 69 (2012). The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. <u>Super. Ct. Civ. R.</u> 12(e); <u>see</u> <u>N.H. Dep't of Corrections v. Butland</u>, 147 N.H. 676, 679 (2002). These rules are not relaxed for self-represented parties. <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56-57 (2006).

Because the defendant has not demonstrated that he preserved for our review his arguments regarding equitable estoppel, laches, or calculation of the civil penalty, we decline to address them. <u>See</u> <u>Malborn Realty</u>, 164 N.H. at 69-70.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**